■ GEORGE M. HOWARD et al., Appellants-Respondents, v. WILLIAM E. MURRAY, Respondent-Appellant.— Judgment, Supreme Court, New York County, entered on June 13, 1974, after trial, dismissing the three causes of action contained in the complaint and awarding defendant judgment on his first and second counterclaims, affirmed, without costs and without disbursements, for the reasons indicated herein. By this action, commenced in February, 1971, plaintiffs primarily seek to rescind a transaction and agreements entered into on November 12, 1959, as well as a related agreement

executed on August 20, 1964, claiming that defendant took unfair advantage of the attorney-client relationship existing between the parties at those times. We deem it unnecessary to reach the merits of plaintiffs' claims since we are of the view that the causes of action pleaded by them are time-barred by the six-year Statute of Limitations provided for in CPLR 213 (subd. 1). Even if the time within which this action should have been commenced is computed from 1968, the year in which plaintiffs allegedly discovered the wrongs of which they now complain, this action would still be untimely by virtue of CPLR 203 (subd. [f]) which requires commencement of an action "within two years after such actual or imputed discovery or within the period otherwise provided, computed from the time the cause of action accrued, whichever is longer". This action was not commenced within two years after the alleged discovery by plaintiffs or within six years after their causes of action accrued. Nor do we believe that this is a proper case in which to apply the doctrine of equitable estoppel. (See 35 N. Y. Jur., Limitations & Laches, § 17.) Plaintiffs' actions subsequent to the 1961 fire when they sought to deprive the defendant of his right to participate in the excess rentals, detracts from their purported reliance upon defendant's conduct. Concur — Nunez, Steuer, and Capozzoli, JJ.; McGivern, P. J., dissents in the following memorandum: In refusing to reach the merits of the plaintiffs' case, the majority choose to ignore one of the most obdurate principles of law, i.e., the inviolability of the attorney-client relationship, which is the foundation of the plaintiffs' case, and on which theory the case was tried, and which is the rationale of the trial court's opinion. The majority affirm on the Statute of Limitations alone, a point which the trial and the opinion of the trial court almost bypassed, and which even the briefs on appeal treat as but of peripheral interest. In view of the attorney-client relationship, which pervaded the trial and which is at the heart of the appeal before us, I believe the trial court erred in upholding the fairness of the transaction; and I disagree with the refusal of the majority memorandum to recognize the applicability of the equitable doctrine of *estoppel* to assert the Statute of Limitations in the face of plaintiffs' contention that they had been taken in by the defendant-attorney. Thus, I would modify the judgment appealed from to the extent of granting recovery to the plaintiffs as prayed for in the complaint and denying defendant recovery on his first two counterclaims, and otherwise affirm, i.e., to the extent of affirming the dismissal of the third counterclaim.